IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 05-709-01 |
| JOHN PURCELL | : | |

ORDER AND MEMORANDUM

O R D E R

**AND NOW**, this 29th day of November, 2007, upon consideration of the *Pro Se* Motion of Defendant to Modify Sentence, and Authority in Support Thereof, Brought Pursuant to Title 18, U.S.C. § 3582(c)(1)(B) (Document No. 120, filed September 25, 2007), and Defendant's *Pro Se* Motion to Stay Sentence of Imprisonment and Release (Document No. 125, filed October 15, 2007), the Government's Omnibus Response to Defendant's *Pro Se* Motion to Modify Sentence and Motion to Stay Sentence of Imprisonment and Release, and Defendant's *Pro Se* Reply to Government's Response in Opposition of His Motion to Modify His Sentence, Pursuant to 18 U.S.C. § 3582(c)(1)(B), and for Release on Bail Pending the Disposition of the § 3582(c)(1)(B) Motion, **IT IS ORDERED** as follows:

1. *Pro Se* Motion of Defendant to Modify Sentence, and Authority in Support Thereof, Brought Pursuant to Title 18, U.S.C. § 3582(c)(1)(B) is **DENIED**;[1] and,

2. Defendants *Pro Se* Motion to Stay Sentence of Imprisonment and Release is **DENIED AS MOOT**;

---

[1] In ruling on this Motion the Court did not address defendant's medical complaints. The entry of this Order is without prejudice to defendant's right to assert his medical complaints in an action filed under 28 U.S.C. § 2241 in the jurisdiction where he is confined.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

## MEMORANDUM

I.    **FACTUAL BACKGROUND**

On August 3, 2006 a jury found defendant guilty of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 and manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). In connection with sentencing the Government filed an Information under 21 U.S.C. § 851 covering two prior convictions - a November 28, 1988 conviction for distribution of methamphetamine and an October 31, 1989 conviction for conspiracy to distribute P2P and to manufacture methamphetamine. The Government later conceded that the two convictions were related, resulting in one prior conviction for a controlled substance offense.

At sentencing defendant was subject to a statutory mandatory minimum sentence of twenty (20) years imprisonment under 21 U.S.C. § 841(a)(1). The guideline imprisonment range for defendant's offense was determined to be 262 to 327 months. Defendant filed a Motion for Downward Departure which was granted. On May 16, 2007 defendant was sentenced to incarceration for the twenty (20) year statutory mandatory minimum.

On September 25, 2007 defendant filed the instant *Pro Se* Motion to Modify Sentence, and Authority in Support Thereof, Brought Pursuant to Title 18, U.S.C. § 3582(c)(1)(B). Thereafter on October 15, 2007, defendant filed the instant *Pro Se* Motion to Stay Sentence of Imprisonment and for Release on Bond pending the Court's ruling on the Motion to Modify Sentence.

## II. DISCUSSION

Defendant argues that 18 U.S.C. § 3582(c)(1)(B) provided the Court with discretion to sentence him below the twenty (20) year statutory mandatory minimum sentence required by 21 U.S.C. § 841(a)(1) in light of defendant's poor health. Defendant also argues that his sentence was improper because the Court did not conduct a colloquy to determine whether he affirmed or denied his prior conviction, as required by 21 U.S.C. § 851(b). Both arguments are rejected.

Defendant's argument that the Court incorrectly concluded it had no discretion to sentence him below the twenty (20) year statutory mandatory minimum sentence is based on 18 U.S.C. § 3582(c)(1)(B). That provision permits a Court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Defendant has pointed to no other statute that would permit the modification of a sentence below the statutory mandatory minimum sentence, and the Court is unaware of any such statutory authority.

Defendant's reliance on Rule 35 as the source of the Court's discretion is likewise misplaced. That rule only permits the correction of a sentence in two circumstances: (a) to correct a technical error if sought within seven (7) days of sentencing; or (b) upon the Government's motion for substantial assistance by the defendant. Neither of those provisions is applicable in this case.

Defendant also asserts that the Court had discretion to reduce his sentence below the statutory minimum under the authority of § 3582(c)(1)(A). He is incorrect. Section 3582(c)(1)(A) permits the Director of the Bureau of Prisons to move for a reduction of a term of imprisonment, which a District Court may grant if it finds extraordinary and compelling reasons

to warrant such a reduction, and after consideration of the factors in § 3553(a).  In this case, the Director of the Bureau of Prisons has not filed any such motion.  Absent such a motion, the relief defendant seeks is "clearly unavailable."  United States v. Gore, 933 F. Supp. 1018, 1019 (D. Kan. 1996), aff'd, 116 F.3d 1489 (10th Cir. 1997) (denying relief under § 3582(c)(1)(A)); see also Leja v. Sabol, 487 F. Supp. 2d 1, 3 (D. Mass 2007) (noting that relief under § 3582(c)(1)(A) first requires Director of Bureau of Prisons to file motion for reduction of sentence); United States v. Myers, 375 F. Supp. 2d 1293, 1298 (D.N.M. 2005) (rejecting defendant's argument that court could provide relief under § 3582(c)(1)(A) on equitable grounds absent motion from Director of Bureau of Prisons).  "The Court, in the exercise of its equitable powers, is not free to ignore the requirements that Congress has set forth before the district court can exercise that discretion."  Myers, 375 F. Supp. 2d at 1298 (citation omitted).  Thus, this aspect of defendant's petition must be denied.

     Finally, defendant asserts that his sentence was improper because the Court did not conduct a colloquy to determine whether defendant affirmed or denied his prior conviction as required by 21 U.S.C. § 851(b).  Defendant was not entitled to such a colloquy because of 21 U.S.C. § 851(e), which states that a defendant may not challenge the validity of any prior conviction occurring more than five (5) years before the § 851 Information was filed.  See United States v. Rodriguez, 153 F. Supp. 2d 590, 596-97 (E.D. Pa. 2001) (denying § 2255 petition on § 851(e) grounds).  While defendant argues in his Reply that § 851(e) does not dispense with the need for a district court to engage the defendant in a colloquy, "[m]ultiple circuits have held that a district court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement." Irrizari v. United States, 153 F. Supp. 2d 722, 730 (E.D. Pa. 2001) (Giles, C.J.) (citing United

States v. Flores, 5 F.3d 1070, 1081-82 (7th Cir. 1993); United States v. Housley, 907 F.2d 920, 921-22 (9th Cir.1990); United States v. Nanez, 694 F.2d 405, 412-13 (5th Cir. 1982)), aff'd, 191 F.3d 446 (3d Cir. 1999) (unpublished table decision); see also United States v. Craft, 495 F.3d 259, 265-66 (6th Cir. 2007); United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006).

Defendant's prior convictions in this case occurred in 1988 and 1989, over seventeen (17) years before the Information was filed. Thus, defendant is not entitled to relief under 21 U.S.C. § 851(b).

Separate and apart from his challenges to his sentence, defendant asserts in his Motion various claims regarding the inadequacy of his medical treatment at FMC Devens. Those issues are not properly before this Court.

Defendant's medical claims challenge the execution of his sentence. Such a challenge presents issues which may properly be raised under 28 U.S.C. § 2241. See Rios v. Wiley, 201 F.3d 257, 270-71 (3d Cir. 2000) (overruled on other grounds) (noting that a motion under § 2241 is appropriate to challenge the execution of the sentence, in contrast to § 2255 which permits a challenge to the imposition of a sentence on constitutional grounds). Moreover, jurisdiction over a petition under § 2241 lies in the district where the prisoner or the custodian is located. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction [under 28 U.S.C. § 2241] is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district.").

Defendant is confined at FMC Devens which is the District of Massachusetts. He challenges the medical treatment he is receiving at that institution. This Court does not have

5

jurisdiction over that claim and does not rule on it.  The Court's ruling is without prejudice to defendant's right to file an appropriate action under 28 U.S.C. § 2241 in order to assert his claim of inadequate medical treatment.

                                            **BY THE COURT:**

                                            **/s/ Honorable Jan E. DuBois**

                                            **JAN E. DUBOIS, J.**